IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WILLIAM JOSEPH HOLLY      PETITIONER

v.      No. 3:98CV53-D-A

STATE OF MISSISSIPPI, ET AL.      RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the petitioner's motion for partial summary judgment, in which he seeks an order from the court vacating the sentence of death imposed by the State of Mississippi. The state has responded to the motion, and the matter is ripe for review. For the reasons set forth below, the instant motion for partial summary judgment shall be granted.

## Discussion

The petitioner was convicted of the capital murder of David Norwood, Jr., a cab driver. The jury imposed the death sentence for the capital murder conviction. The petitioner was also convicted of kidnapping and grand larceny. The petitioner committed these crimes July 12, 1992. *Holly v. State*, 671 So.2d 32 (Miss. 1996) ("Holly I"). The petitioner was born August 6, 1974; thus, at the time of the capital murder, he was seventeen years old. *Id.* at 35. On direct appeal, the Mississippi Supreme Court held, "There being no constitutional impediments to the imposition of the death penalty on a juvenile offender who was seventeen years old at the time of the crimes for which he is convicted, we find no merit to Holly's arguments." *Id.* at 42. The petitioner then pursued post-conviction collateral relief in state court. He alleged once again that his execution would violate federal constitutional guarantees because of his youth at the time of the offense. The Mississippi Supreme Court denied relief. *Holly v. State*, 716 So.2d 979, 985 (Miss. 1998) ("Holly II").

The petitioner exhausted his state court remedies; he filed the current federal petition for a writ of *habeas corpus* and raised the issue of his youth at the time of his offense as a ground for relief. While the present petition was pending, the United States Supreme Court granted *certiorari* in *Roper v. Simmons* to address the constitutionality of executing juvenile offenders. This court granted the petitioner's request to stay these proceedings until *Roper* was decided. The Supreme Court held in *Roper* that, "[t]he Eighth and Fourteenth Amendment forbid imposition of the death penalty on offenders who were under the age of 18 when their crimes were committed." *Roper v. Simmons*, 543 U.S. 551, 578, 125 S.Ct. 1183 (2005). This holding is retroactive and applies to the petitioner's case. *Atkins v. Virginia*, 536 U.S. 304 (2002). As such, the court shall grant the petitioner's motion for partial summary judgment. The instant petition for a writ of *habeas corpus* shall be granted, and the death sentence imposed upon the petitioner shall be vacated.

The state also argued in its response that the petitioner is no longer entitled to appointed counsel because the petitioner no longer faces the death penalty, citing 21 U.S.C. § 848(q)(4)(B). First, the state has no standing to raise this issue, which is between the petitioner and the court. Second, once an attorney is appointed under § 848(q)(4)(B), the appointment continues "throughout every subsequent stage of available judicial proceedings," under § 848(q)(8). *Sterling v. Scott*, 57 F.3d 451 (5th Cir. 1995), *Clark v. Johnson*, 278 F.3d 459 (5th Cir. 2002). The state's argument on this issue is without merit.

**SO ORDERED,** this the 23rd day of March, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE